**UNITED STATES DISTRICT COURT**
District of New Jersey

| | |
|---|---|
| **CHAMBERS OF**<br>**JOSE L. LINARES**<br>JUDGE | **MARTIN LUTHER KING JR.**<br>**FEDERAL BUILDING & U.S. COURTHOUSE**<br>50 WALNUT ST., ROOM 5054<br>P.O. Box 999<br>Newark, NJ 07101-0999<br>973-645-6042<br>**(973) 645-3110** |

August 15, 2011

**LETTER OPINION**

All Counsel of Record

    **Re:**    **Allen S. Glushakow v. Joel Boyarsky, et al.**
            **Civil Action No. 11-2917**

Dear Counsel:

    This matter comes before the Court by way of two motions: (1) a motion to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by Defendants Joel Boyarsky and Improved Funding Techniques, Inc., and (2) a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) filed by Defendant Aviva Life and Annuity Company [Docket Entry Nos. 9 and 15]. The Court has considered the submissions made in support of and in opposition to the instant motions. No oral argument was heard. Fed. R. Civ. P. 78. Based on the reasons that follow, Defendants' motions are granted in part. Counts One, Two and Three of Plaintiff's Complaint are dismissed without prejudice. Plaintiff is granted leave to file an Amended Complaint which cures the pleading deficiencies in these claims.

**BACKGROUND**

    Plaintiff, Allen Glushakow, M.D. is a practicing orthopedic surgeon who maintains offices in Livingston and Elizabeth, New Jersey. (Compl., ¶ 1). Plaintiff purchased a life insurance policy (the "Policy") (sold by Indianapolis Life Insurance Company) from Defendant Joel Boyarsky, a licensed insurance broker and the founder and CEO of Defendant Improved Funding Techniques, in or around February 2005. (Compl., ¶¶ 2-6). In doing so, Plaintiff relied on Boyarsky's assurances that the Policy was a "conservative investment well-suited to the plaintiff's estate and retirement planning objectives." (Compl., ¶ 6). Defendant Aviva Life and Annuity Company is the successor in interest to Defendant Indianapolis Life Insurance Company, which ceased to exist on or around October 2008. (Compl., ¶ 4).

In or around March 2010, Plaintiff discovered that the Policy was, in fact, unsuitable as a retirement and investment vehicle for several reasons, including but not limited to, the fact that the Policy was designed in such a way that its cash value declined beginning in year twenty (20) to zero by year twenty-five (25). (Compl., ¶ 7(a)). Thus, by year twenty-five (25), the Policy would become worthless. (Id.). The Complaint alleges that Defendants not only failed to inform the Plaintiff that the cash value of the Policy declines beginning in year twenty (20), but also provided documents to the Plaintiff which were designed to create the misleading impression that the cash value continued to increase throughout the life of the policy. (Id.). Plaintiff maintains that Defendants concealed such material facts by, inter alia, using materials that included an illustration of cash values only through year twenty – that is, by specifically omitting the cash values beyond the twentieth policy year. (Compl., ¶ 8).

In light of the foregoing allegations, Plaintiff commenced the instant cause of action against Defendants Joel Boyarsky, Improved Funding Techniques, Inc., and Aviva Life and Annuity Company (as successor in interest to the Indianapolis Life Insurance Company) in the Superior Court of New Jersey, Chancery Division, Essex County in April 2011. The action was removed to this Court in May 2011. Plaintiff's Complaint asserts various claims for relief, including but not limited to: (1) common law fraud, (2) violation of the New Jersey Consumer Fraud Act, (3) breach of contract, (4) breach of fiduciary duty, and (5) negligent misrepresentation.

## LEGAL STANDARD

Rule 12(c) provides that "[a]fter the pleadings are closed-but early enough not to delay trial—a party may move for judgment on the pleadings." Where, as here, a motion for judgment on the pleadings alleges that the complaint fails to state a claim upon which relief can be granted, the court applies the same standards as under Rule 12(b)(6). Turbe v. Government of Virgin Islands, 938 F.2d 427, 428 (3d Cir.1991).

For a complaint to survive dismissal under Rule 12(b)(6), it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In determining the sufficiency of a complaint, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. See Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008). But, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions [;][t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S.Ct. at 1949. Additionally, in evaluating a plaintiff's claims, generally "a court looks only to the facts alleged in the complaint and its attachments without reference to other parts of the record." Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994). With this framework in mind, the Court tuns now to Defendants' motions.

## ANALYSIS

Defendant Aviva Life and Annuity Company seeks dismissal of Counts One, Two and Three of Plaintiff's Complaint on the following grounds: (1) Plaintiff's fraud-based claims (Counts One and Two) are not pled with sufficient particularity pursuant to Rule 9(b), (2) the New Jersey Consumer Fraud Act (Count Two) does not apply to the sale of a life insurance policy to a defined benefit plan, and (3) Plaintiff's breach of contract claim (Count Three) is barred by the express language of the Policy.

Defendants Joel Boyarsky and Improved Funding Techniques, Inc. seek dismissal of Counts Two and Three of Plaintiff's Complaint on the following grounds: (1) Plaintiff's claim for violation of the New Jersey Consumer Fraud Act (Count Two) is barred by the learned profession exception, and (2) Plaintiff's breach of contract claim (Count Three) is barred by the express language of the Policy.

**1.    Fraud-Based Claims** – **Counts One and Two**

Count One of Plaintiff's Complaint asserts a common law fraud claim. Count Two asserts a claim under the New Jersey Consumer Fraud Act, N.J.S.A. § 56:8-1, et seq., Defendant Aviva seeks dismissal of both fraud-based claims on the basis that they fail meet the heightened pleading requirement of Federal Rule of Civil Procedure 9(b).

Federal Rule of Civil Procedure 9(b) requires that "in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). The purpose of the heightened pleading standards is to require the plaintiff to "state the circumstances of the alleged fraud with sufficient particularity to place the defendant on notice of the precise misconduct with which it is charged." Frederico v. Home Depot, 507 F.3d 188, 200 (3d Cir. 2007); see also Seville Indus. Mach. Corp. v. Southmost Mach. Corp., 742 F.2d 786, 791 (3d Cir. 1984). "To satisfy this heightened standard, the plaintiff must plead or allege the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation." Frederico, 507 F.3d at 200. Plaintiff must also allege who made the purported misrepresentations and what specific misrepresentations were made. See, e.g., Frederico v. Home Depot, No. 05-5579, 2006 WL 624901, at *2 (D.N.J. March 10, 2006).

Having carefully reviewed the allegations of fraud set forth in Plaintiff's Complaint, the Court agrees that Plaintiff's fraud-based claims (Counts One and Two) fail to meet the heightened pleading requirement of Rule 9(b). For instance, Plaintiff alleges:

- "Defendants failed to inform the plaintiff that the cash value of the policy declines beginning in year twenty (20)." (Compl., ¶ 7(a)).
- "Defendants provided documents to the plaintiff designed to create the misleading impression that the cash value continued to increase throughout the life of the policy." (Id.).
- "The defendants concealed the material facts listed . . . above by using offering materials that, inter alia, specifically omitted the cash values beyond

- the twentieth policy year, and that were intentionally designed to mislead the plaintiff into believing that the cash value related to the said policy would steadily increase through his lifetime and throughout the duration of the policy." (Compl., ¶ 8).
- "The Plaintiff never received the entire illustration of cash values, which he only recently discovered. Instead, he was provided only with the signature/summary page, which includes only that portion of the 'cash value' illustration which continues only through the twentieth year of the policy." (Compl., ¶ 8).

The Complaint fails to allege, however, what specific misrepresentation(s) or omissions were made and by whom. The Complaint also fails to specify when and where such false statements or omissions were made. Nor does the Complaint otherwise contain sufficient facts to inject some measure of substantiation into Plaintiff's allegations of fraud. Instead, Plaintiff's allegations of fraud boil down to the following: defendants, collectively, concealed certain key facts related to the sale of the Policy by using materials that omitted such key facts and/or by otherwise failing to inform Plaintiff of such key facts. Without more, Counts One and Two of Plaintiff's Complaint – as currently pled – fail to comply with the heightened pleading requirements of Rule 9(b). See, e.g., Frederico, 507 F.3d at 200; Patetta v. Wells Fargo Bank, NA, No. 09–2848, 2009 WL 2905450, at * 4 n. 7 (D.N.J.2009) ( "At the very minimum, Plaintiffs were required to plead the who, what, where, and when of the purported fraud that prevented Plaintiffs from discovering the fraudulent misconduct."). Counts One (common law fraud) and Two (NJCFA) of Plaintiff's Complaint are therefore dismissed without prejudice. Plaintiff has thirty (30) days in which to submit an Amended Complaint which cures the pleading deficiencies in these claims.

Having dismissed Plaintiff's NJCFA claim, without prejudice, for failure to comply with the pleading requirements of Rule 9(b), the Court need not reach the remaining arguments raised by Defendants in support of dismissal of this claim – namely, whether the NJCFA applies to the sale of a life insurance policy, and whether Plaintiff's NJCFA claim (as against Defendants Boyarsky and Improved Funding Techniques) is otherwise barred by the learned profession exception.

**2.     Breach of Contract Claim – Count Three**

Count Three of Plaintiff's Complaint alleges, in pertinent part, that "defendants' failure to fully disclose the material terms of the life insurance policy at issue denied plaintiff the ten (10) day 'free look' period required by the statute for review of the proposed policy," in violation of N.J.S.A. 17B:25-2.1. (Compl., ¶ 20).

N.J.S.A. 17B:25-2.1 provides:

> No policy of life insurance, other than group insurance, shall be delivered or issued for delivery in this State unless such policy contains in substance a provision or has attached to it a notice stating that during a period of no less than 10 days after the date the policyholder receives the policy, the policyholder may cancel the

4

> policy and receive from the insurer a prompt refund of any premium paid therefor, including any policy fees or other charges, by mailing or otherwise surrendering the policy to the insurer together with a written request for cancellation.

Although Plaintiff couches Count Three as a breach of contract claim, Count Three, as currently pled, is not a traditional state law breach of contract claim; rather, it is a claim for violation of N.J.S.A. 17B:25-2.1.

All Defendants move to dismiss this claim on the basis that it is barred by the express language of the Policy itself. As stated above, pursuant to N.J.S.A. 17B:25-2.1, a life insurance policy is required to contain no less than a 10 day "free look" period to enable the policyholder to terminate the policy without any penalties and with a full refund of any premiums paid. It is undisputed that the entire premise of Count Three, as currently pled, is that Defendants actions, collectively, deprived Plaintiff of this ten day "free look" period.

Attached as Exhibit A to Plaintiff's Complaint is a copy of the Policy itself. The first page of the Policy provides, in pertinent part:

> RIGHT TO CANCEL
>
> PLEASE READ YOUR POLICY CAREFULLY. This policy is a legal contract between you and the Company. **You have 20 days after you receive it to cancel this policy by delivering or mailing a written notice or sending a telegram to the agent you purchased it from or the Administrative Office**. You must return this policy before midnight of the 20th day after the date you receive this policy. Notice given by mail and return of this policy by mail are effective on being properly addressed, postmarked and postage prepaid. We will return any premiums paid after we receive notice of cancellation and the returned policy. Cancellation makes this policy void from its start.

(Compl., Ex. A at 1) (emphasis added). Plaintiff's Complaint does not dispute that the Policy provided him with a period above and beyond the statutorily mandated ten day "free look" period to cancel the Policy as required by N.J.S.A. 17B:25-2.1. Nor does Plaintiff claim that he, in fact, attempted to cancel the Policy within the twenty-day cancellation period or that Defendants denied his request to do so (or otherwise failed to fulfill their contractual obligations pursuant to the foregoing cancellation provision). To the contrary, Count Three is premised on the theory that Defendants' fraudulent actions, in essence, deprived the Plaintiff of his ability to exercise his cancellation rights under the Policy. (Compl., ¶ 20).

As a preliminary matter, the Court has already found that Plaintiff has failed to allege the underlying fraud with sufficient particularity; therefore, this claim – which hinges on the same allegations of fraud – could be dismissed on this basis alone. In any event, even assuming, <u>arguendo</u>,

that Plaintiff had alleged sufficient facts to substantiate Defendants' fraudulent actions, Count Three fails to state a claim for violation of N.J.S.A. 17B:25-2.1 that is otherwise plausible on its face inasmuch as: (1) N.J.S.A. 17B:25-2.1 requires, inter alia, that a life insurance policy contain no less than a 10 day "free look" period (as explained above),[1] and (2) the Policy at issue in this matter, in fact, contained a twenty (20) day "free look" period.[2] Although there may be various legal theories under which Defendants may be held liable for their alleged failure to disclose material terms of the Policy,[3] Count Three, as currently pled, fails to allege such a plausible theory. Count Three of Plaintiff's Complaint is therefore dismissed without prejudice. To the extent the deficiencies in this claim can be cured by way of amendment, Plaintiff is granted thirty (30) days in which to do so.

## CONCLUSION

Based on the reasons set forth above, Defendants' motions are granted in part. Counts One, Two and Three of Plaintiff's Complaint are dismissed without prejudice. Plaintiff has thirty (30) days in which to file an Amended Complaint which cures the pleading deficiencies in these claims. Plaintiff's failure to do so will result in dismissal of the foregoing claims with prejudice.

An appropriate Order accompanies this Letter Opinion.

/s/ Jose L. Linares
Jose L. Linares
United States District Judge

---

[1] N.J.S.A. 17B:25-2.1.

[2] (Compl., Ex. A at 1).

[3] In this regard, Plaintiff has also asserted claims of common law fraud, violation of the NJCFA, breach of fiduciary duty and negligent misrepresentation.