**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALLEN S. GLUSHAKOW, M.D., Individually and on Behalf of the ALLEN S. GLUSHAKOW DEFINED BENEFIT PENSION, | Civil Action No.: 11-2917 (JLL) |
| Plaintiff, | |
| v. | **OPINION** |
| JOEL BOYARSKY, IMPROVED FUNDING TECHNIQUES, INC., and AVIVA LIFE AND ANNUITY COMPANY, as Successor in Interest to the INDIANAPOLIS LIFE INSURANCE COMPANY, | |
| Defendants. | |

**LINARES**, District Judge.

This matter comes before the Court by way of two motions: 1) a motion to dismiss Counts One and Two of Plaintiff's First Amended Complaint pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6) filed by Defendants Joel Boyarsky and Improved Funding Techniques, Inc.; and 2) a motion for partial judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) filed by Defendant Aviva Life and Annuity Company ("Aviva") [Docket Entry Nos. 36 and 38]. The Court has considered Defendants' submissions made in support of the instant motions, and both motions are unopposed. No oral argument was heard. Fed. R. Civ. P. 78. For reasons set forth below, the Court **GRANTS** Defendants' motions, and Counts One and Two of Plaintiff's First Amended Complaint are dismissed with prejudice.

## I.  BACKGROUND

Plaintiff, Allen Glushakow, M.D., is a practicing orthopedic surgeon who maintains offices in Livingston and Elizabeth, New Jersey.  (Am. Compl., ¶ 1).  Plaintiff purchased a life insurance policy ("Policy"), sold by Indianapolis Life Insurance Company, from Defendant Joel Boyarsky ("Boyarsky"), a licensed insurance broker and founder and CEO of Defendant Improved Funding Techniques, Inc., on or about February 11, 2005.  (Id., ¶¶ 2-5).  In so purchasing said policy, Plaintiff allegedly relied on Boyarsky's assurances that the policy was a "conservative investment designed to minimize taxes and maximize his future retirement income."  (Id., ¶ 6).  Defendant Aviva is the successor in interest to Defendant Indianapolis Life Insurance Company, which ceased to exist on or around October 1, 2008.  (Id., ¶ 4).

In or around March 2010, Plaintiff allegedly discovered that the Policy was not suitable as a retirement and investment vehicle for at least four reasons, including but not limited to: 1) the Policy was designed in such a way that its cash value declined beginning in year twenty, to zero by year twenty-five; 2) the Policy included an exorbitantly high cost of insurance charges and offered poor returns on the Plaintiff's deposits; 3) the Policy included a high death benefit and costly annual fees; and 4) the Policy imposed high cash surrender penalties lasting many years into the Plaintiff's retirement.  (Id., ¶ 7(a)-(d)).  Plaintiff's First Amended Complaint claims that Defendants Boyarsky and Improved Funding Techniques not only failed to inform Plaintiff of these alleged unsuitable aspects of the Policy, but also failed to recommend alternative, more suitable policies.  Further, Plaintiff alleges that Defendants provided documents to Plaintiff which were designed to create misleading impressions and concealed material

facts such as, for example, the fact that the cash value declined beginning in year twenty. (Id., ¶¶ 7-8).

In light of the foregoing allegations, Plaintiff commenced the instant action against Defendants Joel Boyarsky, Improved Funding Techniques, Inc., and Aviva Life and Annuity Company (as successor in interest to the Indianapolis Life Insurance Company) in the Superior Court of New Jersey, Chancery Division, Essex County in April 2011.  The action was removed to this Court in May 2011.  Plaintiff's original complaint asserted various claims for relief, including but not limited to: (1) common law fraud; (2) violation of the New Jersey Consumer Fraud Act; (3) breach of contract; (4) breach of fiduciary duty; and (5) negligent misrepresentation.  On June 13, 2011, Defendants Boyarsky and Improved Funding Techniques filed a motion to dismiss Counts One through Three of Plaintiff's original complaint pursuant to Fed. R. Civ. P. 12(b)(6).  On June 30, 2011, Defendant Aviva filed a motion for judgment on the pleadings on Counts One through Three of Plaintiff's original complaint pursuant to Fed. R. Civ. P. 12(c).  On August 15, 2011, this Court issued an Order and Letter Opinion granting Defendants' motions in part, dismissing Counts One through Three of Plaintiff's original complaint without prejudice.  Plaintiff filed his First Amended Complaint on September 29, 2011, amending the first two counts of the original complaint claiming common law fraud and a violation of the New Jersey Consumer Fraud Act.  [Docket Entry No. 29].  Plaintiff did not replead his third cause of action from his original complaint, which alleged Defendants breached their contract with Plaintiff in violation of N.J.S.A. 17B:25-2.1.

## II.  LEGAL STANDARD

For a complaint to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)(citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  In determining the sufficiency of a complaint, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party.  See Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008).  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[;] [t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Iqbal, 129 S.Ct. at 1949.

Rule 12(c) provides that, "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."  Fed. R. Civ. P. 12(c). Where, as here, a motion for judgment on the pleadings alleges that the complaint fails to state a claim upon which relief can be granted, the court applies the same standards as those under Rule 12(b)(6), as stated above.  See Turbe v. Government of Virgin Islands, 938 F.2d 427, 428 (3d Cir. 1991).


### III.  DISCUSSION

Defendants Joel Boyarsky and Improved Funding Techniques seek dismissal of Counts One and Two of Plaintiff's First Amended Complaint on the following grounds: 1) Plaintiff's fraud-based claims (Counts One and Two) are not pled with sufficient particularity pursuant to Rule 9(b); and 2) the New Jersey Consumer Fraud Act claim (Count Two) is barred because New Jersey law expressly excludes licensed insurance

brokers acting in their professional capacity from liability under the statute ("learned profession exception"). In its Motion for Partial Judgment on the Pleadings, Defendant Aviva joins Defendants Boyarsky and Improved Funding Techniques in seeking dismissal of Counts One and Two of Plaintiff's First Amended Complaint on the same grounds as stated in their Motion to Dismiss.

## A.  Fraud-Based Claims – Counts One and Two

Count One of Plaintiff's Complaint asserts a common law fraud claim.  Count Two asserts a claim under the New Jersey Consumer Fraud Act, N.J.S.A. § 56:8-1, et seq. Defendants seek dismissal of both fraud-based claims on the basis that they fail to meet the heightened pleading requirement of Federal Rule of Civil Procedure 9(b).

Federal Rule of Civil Procedure 9(b) requires that "in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b).  The purpose of the heightened pleading standard is to require the plaintiff to "state the circumstances of the alleged fraud with sufficient particularity to place the defendant on notice of the precise misconduct with which it is charged." Frederico v. Home Depot, 507 F.3d 188, 200 (3d Cir. 2007); see also Seville Indus. Mach. Corp. v. Southmost Mach. Corp., 742 F.2d 786, 791 (3d Cir. 1984).  "To satisfy this heightened standard, the plaintiff must plead or allege the date, time and place of the alleged fraud or otherwise inject precision of some measure of substantiation into a fraud allegation." Frederico, 507 F.3d at 200.  Plaintiff must also allege who made the purported misrepresentations and what specific misrepresentations were made. See, e.g., Blackhall v. Access Group, 2010 U.S. Dist. LEXIS 99596, at * 18 (Sept. 22, 2010).

Having carefully reviewed the allegations of fraud set forth in Plaintiff's First Amended Complaint, the Court agrees that Plaintiff's fraud-based claims (Counts One and Two) again fail to meet the heightened pleading requirements of Rule 9(b).  The only amendment Plaintiff made to the allegations in his original complaint is in Paragraph 7 of the "Factual Allegations" section of his First Amended Complaint where Plaintiff: 1) substitutes the word "Defendants" as stated in his original complaint with "Defendant [*sic*] Boyarsky and Improved Funding" and "Defendant Aviva Life" in his First Amended Complaint; and 2) incorporates into the factual allegations in said Paragraph those allegations originally made in a separate section of the original complaint entitled "Fraudulent Concealment."  Plaintiff retains the broader, more inclusive "defendants" in Counts One and Two as alleged in the First Amended Complaint, not clarifying exactly against whom and based on whose conduct the Plaintiff is charging his fraud-based claims in those Counts.

Further, the pleading deficiencies as stated in this Court's August 15, 2011 Opinion are in no way corrected.  To state a claim for fraud under New Jersey law, a plaintiff must allege: (1) a material misrepresentation of fact; (2) knowledge or belief by the defendant of its falsity; (3) intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting damage.  Frederico, 507 F.3d at 203)(quoting Gennari v. Weichert Co. Realtors, 1487 N.J. 582, 691 A.2d 350, 367-68 (N.J. 1997)).  Plaintiff's First Amended Complaint still fails to allege sufficient facts to state a fraud claim with regards to: (1) what specific misrepresentation(s) or omissions were made by which Defendants; (2) when and where such false statements or omissions were made, whether oral or written; (3) Defendants' knowledge or belief of the falsity of

said misrepresentations or omissions; and (4) Defendants' intention that the Plaintiff rely

on said misrepresentations or omissions.

With respect to the first two pleading deficiencies, Plaintiff fails to state sufficient

facts as to the first requisite element of his fraud-based claims in that the nature, time and

place of the alleged misrepresentations are not stated with sufficient particularity.  For

instance, Plaintiff continues to generally state the same broad allegations without adding

factual specificity to statements made in his original complaint:

> ORIGINAL COMPLAINT: "Defendants failed to inform the plaintiff that the
> cash value of the policy declines beginning in year twenty (20)." (Compl., ¶ 7(a)).

> AMENDED COMPLAINT: "At no time leading up to and including the day of
> the sale, nor any time after, did defendants Joel Boyarsky and Improved Funding
> apprise the plaintiff that the cash value of the policy declines beginning in year
> twenty (20)."  (Am. Compl., ¶ 7(a)).

> ORIGINAL COMPLAINT: "Defendants provided documents to the plaintiff
> designed to create the misleading impression that the cash value continued to
> increase throughout the life of the policy."  (Compl., ¶ 7(a)).

> AMENDED COMPLAINT: "The plaintiff was provided with an overly optimistic
> 'Life Insurance Illustration' designed to create the misimpression that the cash
> value continues to *increase* throughout the life of the policy."  (Am. Compl., ¶
> 7(a)).ca

> ORIGINAL COMPLAINT: "The defendants concealed the material facts listed . .
> . above by using offering materials that, inter alia, specifically omitted the cash
> values beyond the twentieth policy year, and that were intentionally designed to
> mislead the plaintiff into believing that the cash value related to the said policy
> would steadily increase through his lifetime and throughout the duration of the
> policy."  (Compl., ¶ 8).

> ORIGINAL COMPLAINT: "The Plaintiff never received the entire illustration of
> cash values, which he only recently discovered.  Instead, he was provided only
> with the signature/summary page, which includes only that portion of the 'cash
> value' illustration which continues only through the twentieth year of the policy."
> (Compl., ¶ 8).

> AMENDED COMPLAINT: "Upon information and belief, the 'Life Insurance
> Illustration' was prepared by the Indianapolis Life Insurance Company.  More

7

recent cash value projections provided by defendant Aviva Life reveal that the cash values in the 'Life Insurance Illustration' were significantly overstated, and that the policy's actual cash value will not benefit the plaintiffs' future retirement income.  The 'Life Insurance Illustration' was given to the plaintiff by defendants Joel Boyarsky and Improved Funding to entice the plaintiff to purchase the policy at issue." (Am. Compl., ¶ 7(a)).

Plaintiff's First Amended Complaint does not inject additional substantiation into the original allegations of fraud made in the original complaint.  While the Amended Complaint at some points clarifies which of the Defendants failed to inform the Plaintiff of the cash value decline, it does not provide any additional details as to the "what," "where" and "how" of said omission or omissions.  For example, while Plaintiff occasionally replaces the broader term of "defendants" with individually named Defendants Boyarsky and Improved Funding Techniques, he continues to use the passive tense when he states, "plaintiff was provided with an overly optimistic 'Life Insurance Illustration,'" only later stating that said "Illustration" "was given to [him] by defendants Joel Boyarsky and Improved Funding *to entice [him] to purchase the policy at issue*." The latter statement is a conclusory statement regarding said Defendant's legal culpability and is not factually sufficient to allow the Court to interpolate Defendants Boyarsky and Improved Funding Techniques as the agents who actually physically gave Plaintiff said alleged fraudulent documents.  Further, the factual circumstances surrounding the date said Illustration was given to Plaintiff, whether it was given to him individually by Defendant Boyarsky, and whether, for example, it was given to him absent any discussion, meeting, opportunity for clarification or oral statement regarding its meaning or significance is absent from the Amended Complaint.  Also, while Plaintiff states that "[m]ore recent cash value projections provided by" Defendant Aviva were overstated, the Amended Complaint's use of the passive tense and the lack of clarity with

respect to how the recent timing of said Defendant's alleged omissions relate to Plaintiff's purchase of the Policy in 2005 limit any substantiation of Plaintiff's fraud-based claims as they allegedly occurred on that date almost seven years ago.

Finally, Plaintiff's First Amended Complaint only makes conclusory statements regarding Defendants' knowledge or belief of the falsity of the alleged misrepresentations or omissions as well as Defendants' intention that the Plaintiff rely on said misrepresentations or omissions. First, the Amended Complaint makes no factual statement regarding Defendants' knowledge or belief that the "Life Insurance Illustration" was a false statement of the benefits of the Policy Plaintiff was purchasing. For example, the Amended Complaint states no facts that Defendants Boyarsky and Improved Funding were aware that the cash value declined after year twenty, limited the graphic representation of the benefits to the twenty-year period to disguise the decline, and gave it to Plaintiff knowing that it was a false statement of Plaintiff's Policy benefits. Second, the Amended Complaint provides minimal factual support for the fraud claims' intent requirement. Most of the facts alleged by Plaintiff center on Defendants' failure to inform Plaintiff of the cash value decline under his Policy. As cited above, the only statement made in the First Amended Complaint that goes to Defendants' intent to misrepresent or omit information is limited to the following: "The 'Life Insurance Illustration' was given to the plaintiff by defendants Joel Boyarsky and Improved Funding to entice the plaintiff to purchase the policy at issue." (Am. Compl., ¶7(a)). On its own, this statement is legally conclusory regarding culpable enticement and provides limited factual substance to support a showing of Defendants Boyarsky and Improved Funding's intent to deliberately misinform Plaintiff or omit critical information regarding

9

his Policy.  Plaintiff also makes cursory allegations regarding potential benefits to Defendants based on Plaintiff's purchase of the Policy: "The high death benefit increased the amount of commissions that defendant Boyarsky received for the sale, however, to the detriment of the plaintiff and his employees."  (Am. Compl., ¶ 7(c)).  The effects through a commission amount of a successful sale of an insurance policy, while indicative of potential incentives of concealment in a sale, are not factual statements that go to Defendant Boyarsky's intent at the time of sale or at the time of the alleged omission with respect to Plaintiff in particular; if such commissions were to be construed as indications of intent to defraud as a general matter, all insurance policy sales could be alleged to be made with fraudulent intent should any omission be made in said sales. Thus, while Plaintiff specifies in great detail the unsuitable aspects of the Policy he purchased, he alleges insufficient facts to support an inference of Defendants' fraudulent intent.

In sum, the allegations boil down again to the same general claims: defendants concealed certain key facts related to the sale of the Policy by using materials that omitted such key facts and/or by otherwise failing to inform Plaintiff of such key facts. Plaintiff does not point to when the alleged fraud occurred, citing two dates only (February 11, 2005, the date of the sale of the Policy and March 2010, the alleged date of discovery of the fraud), neither of which are identified as the date on which Defendants' assurances or omissions were actually made.  The Amended Complaint also fails to allege the place where the alleged misrepresentations were made, whether they were made orally or in writing, and whether the alleged statements were the only documented materials made available to Plaintiff for his consideration of the terms of the Policy.  See

Leveseque v. Becton, Dickson & Co., 2009 U.S. Dist. LEXIS 7895, at * 13 (D.N.J. Feb. 3, 2009)(dismissing plaintiffs' claim for fraudulent inducement for failure to plead with specificity the "who, what, where, or how" of the alleged misrepresentations). Without more, Counts One and Two of Plaintiff's Complaint fail to comply with the heightened pleading requirements of Rule 9(b). See Patetta v. Wells Fargo Bank, NA, 2009 U.S. Dist. LEXIS 82338 (Sept. 10, 2009)("At the very minimum, Plaintiffs were required to plead the who, what, where and when of the purported fraud that prevented Plaintiffs from discovering the fraudulent misconduct."). Since Plaintiff has failed to satisfy the pleading requirements of Rule 9(b) in his First Amended Complaint, after having the opportunity to replead and provide additional facts to support his fraud-based claims, Counts One and Two are dismissed with prejudice.

Having dismissed Plaintiff's NJCFA claim for failure to comply with the pleading requirements of Rule 9(b), the Court need not reach the remaining argument raised by Defendants Boyarsky and Improved Funding Techniques in support of dismissal of this claim, namely, whether the NJCFA is barred by the learned profession exception.

## IV.  CONCLUSION

Based on the reasons set forth above, Defendants' motions are **GRANTED**. Counts One and Two of Plaintiff's First Amended Complaint are dismissed with prejudice.


DATED: December 1, 2011                    /s/ Jose L. Linares_____ _____
                                           United States District Judge